UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| In re:<br>Andrew S. Thomson,<br>    Debtor | Chapter 13<br>Case # 04-46659 - JBR |

## MEMORANDUM OF DECISION

### Background

This matter is before the Court on the Court's order "to show cause under Rule 9011 why [Attorney Michael Howard] should not be sanctioned for filing an opposition (Document #27) without any basis in fact." The Court held a hearing on the Chapter 13 Trustee's Motion to Dismiss the Case pursuant to §1307(c)(4) of the Code. The Debtor's attorney, Michael Howard, filed an Objection to the Motion in which the allegations of Paragraph 4 of the Motion were denied. Paragraph 4 of the motion states: "The Debtor is in arrears according to the terms of the proposed plan totaling $6,115.00 representing 4 monthly payments." [Docket # 26]. At the Motion hearing, the Chapter 13 Trustee updated the amount of the arrearage on the Chapter 13 plan to $9,100.00 representing 6 monthly payments. When the Court questioned Attorney Howard's denial of Paragraph 4, he responded that the "response was filed merely to protect my client's rights." He equated the denial in the response to entering a not guilty plea in a criminal trial. The Court ordered a Show Cause Hearing for Attorney Howard to show cause why he should not be sanctioned for violating Rule 9011 and advised him of his right to have counsel present.

At the Show Cause Hearing, the Court again advised Attorney Howard of his right to have counsel present. Attorney Howard, *pro se*, admitted that he had violated Rule 9011 by

filing his denial. He explained that he had attempted to reach his client in the hope of getting updated information by leaving messages at his client's home and on his cell phone. The Court took the matter under advisement in order to determine an appropriate sanction.

## Discussion

Federal Rule of Bankruptcy Procedure 9011[1] was adapted from the Federal Rule of Civil Procedure 11. The substantive provisions of the two are virtually the same. Rule 11 jurisprudence is largely transferable to Rule 9011. *In re CK Liquidation Corp.*, 321 B.R. 355, 362 (B.A.P. 2005) citing *Featherstone v. Goldman (In re D.C. Sullivan Co.)* 843 F.2d 596, 598 (1st Cir. 1988). Their purpose "is to control the practice of attorneys, or those who act as their own attorneys, in the conduct of litigation in the federal courts." *In re Melendez*, 224 B.R. 252, 257 (Bankr. D. Mass. 1998) citing *Business Guides, Inc. V. Chromatic Communications Enter., Inc.*, 498 U.S. 533, 554, 111 S.Ct. 922, 935, 112 L.Ed.2d 1140 (1991). Rule 9011(b) governs representations made to the Court by an attorney or unrepresented party.

(b) **Representations to the Court**. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) *the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.* FED. R. BANKR. P. 9011(b)(4) (emphasis added).

---

[1] Under Rule 9011(c)(1)(B): On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto. FED. R. BANKR. P. 9011.

In the case at bar, the question is whether Attorney Howard made a "reasonable inquiry" into the Chapter 13 Trustee's assertion that the Debtor was in arrears in his plan payments before denying the facts and signing the response. The Supreme Court described the "reasonable inquiry" requirement as "[A] signature [that] certifies to the court that the signer has . . . conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well-grounded in both . . ." *In re Remington Development Group, Inc.*, 168 B.R. 11, 15 (Bankr. D.R.I. 1994) citing *Business Guides v. Chromatic Commercial Enterprises*, 498 U.S. 533, 542, 111 S.Ct. 922, 928, 112 L.Ed.2d 1140 (1990).

Rule 9011(b)(4) requires that any denials of factual contention must be warranted on the evidence. According to the Advisory Committee for the 1993 Amendments to the Federal Rules of Civil Procedure, a denial is allowed when there is evidence contradicting the alleged fact. A denial is also permissible if, after an "appropriate investigation," the party has no information regarding the matter or has a reasonable basis for doubting the credibility of the only evidence relevant to the matter. FED. R. CIV. P. 11 Advisory Committee's Notes.

In the case at bar, Attorney Howard admitted at the hearing on the Motion to Dismiss that he was unable to conduct an adequate inquiry into the facts before submitting his response. He explained that he left several messages on his client's home and cell phones, but had not received a response from his client. Additionally, Attorney Howard stated, "The Debtor said months ago he was unable to make the [plan] payments." He did not offer any evidence that his client had been making the Chapter 13 plan payments. Nor did he intimate that he conducted any sort of investigation into whether or not his client had made the payments. At the Show Cause hearing, Attorney Howard admitted that he violated Rule 9011 when he denied the assertion of the Trustee's Motion to Dismiss. Attorney Howard failed to conduct a "reasonable inquiry" before

denying the factual allegations of Paragraph 4, and therefore violated Rule 9011(b)(4) when he signed and filed the response to the Motion.

## Imposition of Sanction

The Court determines what sanctions are appropriate under the circumstances when a violation of Rule 9011 occurs. Several factors may be considered by the Court in determining whether to impose a sanction and what type of sanction to impose: whether the conduct was willful, or negligent; whether it was part of a pattern of activity, or an isolated event; whether it infected the entire pleading, or only one particular count or defense; whether the person has engaged in similar conduct in other litigation; whether it was intended to injure; what effect it had on the litigation process in time or expense; whether the responsible person is trained in the law; what amount, given the financial resources of the responsible person, is needed to deter that person from repetition in the same case; and what amount is needed to deter similar activity by other litigants. *In re CK Liquidation Corp.*, 321 B.R. 335, 362 (citing *Dibbs v. Gonsalves*, 921 F. Supp. 44, 55 (D.P.R. 1996)). This is not an exhaustive list of the factors that may be considered by the Court.

The Court finds that Attorney Howard's conduct was "willful, or negligent." When an attorney is unable to obtain the needed information before submitting a response or pleading, there still remains the option to neither admit or deny the assertion. In this case, the Court points to Attorney Howard's response to Paragraph 3 of the Motion to Dismiss. The Chapter 13 Trustee asserted that she was unable to recommend confirmation of the Debtor's Chapter 13 Plan. [Docket # 26]. Attorney Howard answered that the Debtor could neither admit nor deny. [Docket # 27]. In the hearing on the Motion to Dismiss, the Court explained that to neither admit nor deny was a more accurate response if trying to preserve the client's rights and unsure of the

facts.

Under the Federal Rules of Civil Procedure, provided the sanction selected is appropriate, there are "virtually no limits on judicial creativity." *Anderson v. Beatrice Foods Co.*, 900 F.2d 388, 394 (1st Cir. 1990). Sanctions are meant to serve the dual purposes of deterrence and compensation under Rule 9011. *1095 Commonwealth Corp. V. Citizens Bank of Mass. (In re 1095 Commonwealth Corp.)*, 236 B.R. 530, 538 (D. Mass.1999). In cases of deterrence, the court must limit the sanction "to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." FED. R. BANKR. P. 9011(c)(2). In cases of compensation, the reasonable costs incurred as a result of the sanctionable conduct may appropriately form the basis of a Rule 9011 sanction. *1095 Commonwealth Corp.*, 236 B.R. at 538. *See also In re CK Liquidation, Corp.*, 321 B.R. at 366. The case law is clear that the type and amount of a sanction must be appropriate and, if necessary, it must satisfy the dual purposes of deterrence and compensation.

## Conclusion

Upon finding that Attorney Howard violated Bankruptcy Rule 9011(b)(4), this Court orders him to attend eight hours of Continuing Legal Education training in ethics to be completed within six months of this order. The courses must be pre-approved by the Court upon motion filed no later than two weeks before the class begins. An affidavit must be filed with the Court upon completion of the eight hours of training. Failure to attend the education classes required hereunder will result in a financial sanction of $5,000.00.

A separate Order will issue.

Dated: September 7, 2005

Joel B. Rosenthal
United States Bankruptcy Judge